**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| QBE SPECIALTY INSURANCE CO. | CIVIL ACTION NO. 5:10-cv-01617 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| COMMCARE LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendants' Motion to Dismiss on the Grounds of Abstention. [Record Document 4]. QBE Specialty Insurance Co. has filed suit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, requesting a declaratory judgment that a policy issued by it does not afford coverage for the personal injuries alleged in a Louisiana state court action. Defendants' Motion to Dismiss contends that this Court should abstain from exercising jurisdiction over Plaintiff's suit pursuant to Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In this case, the relevant factors collectively militate against an exercise of jurisdiction over this declaratory judgment suit, and therefore the Court hereby **GRANTS** Defendants' Motion to Dismiss [Record Document 4].

**I. Factual and Procedural Background**

Nancy Cashio, et al., filed a petition for damages in the 23rd Judicial District Court for the Parish of St. James, Louisiana on September 13, 2010. (State Petition, Sept. 13, 2010, [Record Document 4-3]). The petition, filed by the heirs of Elise

DeRoche, alleges that Ms. DeRoche died as the result of a fall in an assisted living facility owned and operated by Commcare Louisiana and Commcare Corporation (collectively "Commcare"). The petition named an unidentified "John Doe" insurer as a defendant. The unidentified insurer was described in the Petition as "the company carrying a policy of liability insurance on the property owned and/or leased by the above defendants at the time of the fall whose identity is unknown at the present time." (State Petition at 1, [Record Document 4-3]).

On September 22, 2010, QBE Specialty Insurance Company ("QBE"), the plaintiff in this matter, filed a Complaint requesting a declaratory judgment that the "patient injury" exclusion in the policy issued by it to Commcare precludes coverage under the policy for the injuries sustained by Ms. DeRoche. (Complaint, [Record Document 1]). Named as defendants in the federal declaratory judgment action were all the parties to the state court action.

On January 5, 2011, Defendants filed a Motion to Dismiss under the doctrine of abstention. [Record Document 4]. Following the filing of this motion, the plaintiffs in the state court action amended their petition to name QBE as the previously unidentified defendant. (Amended State Petition, January 14, 2011, [Record Document 7-1]).

**II. Law and Analysis**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in a case of actual controversy within its jurisdiction (subject to certain exceptions), a federal court

"may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] The Act confers "unique and substantial" discretion on the courts, not an absolute right on a litigant. Wilton v. Seven Falls Co., 515 U.S. 277, 286-88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citations omitted). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. Whether the court should exercise its discretion turns on "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); see Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 387 (5th Cir. 2003).

This discretion is broad, but it is not unfettered. Trejo, 39 F.3d at 590 (quoting Travelers Ins. Co. v. La. Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir. 1993)). Relevant factors this Court must consider in determining whether to dismiss a

---

[1] In analyzing whether to decide or dismiss the declaratory suit, "[a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams, 343 F.3d at 387 (citing Orix Credit Alliance, Inc v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000)). Defendants do not dispute the justiciability of this action or the authority of this court to grant relief. The declaratory action here, which presents an actual controversy among the parties, is justiciable. Further, this Court has proper diversity jurisdiction over the action, and at the time that the declaratory judgment action was brought by QBE, there was no pending state court action between QBE and Defendants. See Cherokee Ins. Co. v. Babin, 2007 WL 2381928, *2 (S.D. Miss. Aug. 17, 2007). Thus, the court has the authority to grant declaratory relief. Sherwin-Williams, 343 F.3d at 387-88.

declaratory judgment action include:[2]

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Id. at 590-91.

In Sherwin-Williams, the Fifth Circuit discussed the seven Trejo factors, noting that they, like the factors enumerated by the other circuits, address the three primary considerations of Brillhart: (1) the proper allocation of decision-making between state and federal courts; (2) fairness; and (3) efficiency. Sherwin-Williams, 343 F.3d at 390. In this case, the three overriding considerations of Brillhart militate against an exercise of jurisdiction.

---

[2] Fifth Circuit precedent requires that district courts consider the seven Trejo factors on the record before dismissing a declaratory judgment action on the grounds of abstention. See, e.g., Am. Bankers Life Assurance Co. of Fl. v. Overton, 128 Fed. Appx. 399, 402 (5th Cir. 2005). Failure to do so is an abuse of discretion. Id.

1. Proper Allocation of Decision-Making

The first and seventh Trejo factors require this Court to examine federalism and comity.  Sherwin-Williams, 343 F.3d at 391-92.  Generally, if the federal declaratory judgment action raises only issues of state law and there is a pending state action in which all of these issues may be fully litigated, "the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Id. at 390-91.  "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495, 62 S.Ct. 1173.

Here, the state court suit involves the same parties and presents an opportunity for ventilation of the same state law issues pending in this declaratory action suit.  See Wilton, 515 U.S. at 283, 115 S.Ct. 2137.  Further, the issue before this Court of whether the insurance policy's "patient injury" exclusion applies, and thus whether the policy provides coverage for the injury to Ms. DeRoche, is clearly an issue of state law. (Petition ¶¶ 18, 19).  This issue, along with the underlying tort claim, can satisfactorily be adjudicated in the state court proceeding.

The court notes that there is no danger that this Court will have to decide issues related to the underlying tort claim, and there is no danger of inconsistent judgments.[3]

---

[3]Plaintiff contends that the policy does not afford coverage because Ms. DeRoche was a "patient" of Commcare, and thus the "patient exclusion" applies.  Thus, Defendants argue in their Motion to Dismiss that the threshold issue in the declaratory judgment action is whether Ms. DeRoche was a "patient." Defendants note that the state court will have to make a similar threshold determination to determine whether Ms. DeRoche was a "patient" for purposes of the Medical Malpractice Act, and thus whether this Act applies to limit the liability of Commcare.  An issue not before the Court, but inherent in the state court action, is whether the liability to which Commcare

However, the fact QBE was named as a defendant in the state court action only after the filing of the present motion through an amendment to the state court petition does not require that this Court consider Plaintiff's "first-in-time" federal action.  See Am. Bankers Life Assurance Co. of Fl. v. Overton, 128 Fed. Appx. 399, 403 (5th Cir. 2005); Sherwin-Williams, 343 F.3d at 394 (holding that the presence or absence of a pending parallel state proceeding is an important factor, but not one that demands dismissal).[4]

Here, regarding the issue of the scope of coverage of the insurance policy, the state and federal proceedings are wholly parallel.  There is actual overlap between this declaratory judgment action and the state court action.  All parties in the state action

---

is exposed is governed by the Medical Malpractice Act.  "Malpractice" under the Medical Malpractice Act includes "any unintentional tort . . . to a patient, including . . . the handing of a patient, including loading and unloading of a patient. . . ." La. Rev. Stat. Ann. § 40.1299.41(A)(13).  The term "patient" includes "nursing home resident[s]." La. Rev. Stat. Ann. § 40.1299.41(a)(15).  The state-action plaintiffs allege in their petition that Commcare failed to "provide proper care and follow reasonable procedure." (Petition ¶ 23).

However, the intended scope of the "patient exclusion" and the intended reach of the Medical Malpractice Act need not be consistent, such that Ms. DeRoche could be a "patient" for purposes of the policy while her injury could fall outside of the protective scope of the Medical Malpractice Act because her injury was caused by inadequate maintenance to the premises rather than medical malpractice.  Therefore, while a declaratory judgment by this Court would have res judicata effect on the issue of coverage in federal court, a grant of the request for a declaratory judgment to Plaintiff would not carry with it res judicata effect on the application of the Medical Malpractice Act.

[4]The fact that QBE was not at the time of the filing of this motion a defendant to the state court action has been considered by the Court; however, the Court finds more significant that QBE was, as the record shows, aware that it was in fact the John Doe insurer named in the original state court petition.  QBE is now a party in the state court proceeding that concerns itself with the scope of the policy's coverage.  QBE has a full opportunity to assert its defense of no coverage in the state court proceeding.

are in the federal suit, and their interests are aligned similarly in both. The insurance issue is before the state court, and QBE may assert fully its defense of non-coverage under the policy. Further, the issue of coverage is not one which has been subject to extensive consideration by this Court. The declaratory judgment action is at its infancy, as is the state court action. Considering this, the first Trejo factor weighs in favor of dismissal of this action.[5]

2. Fairness

The second, third, and fourth Trejo factors concern whether the federal-action plaintiff "is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." Sherwin-Williams, 343 F.3d at 392. As the Fifth Circuit has made clear, there is a distinction that must be made between "merely filing a declaratory action in a federal court with jurisdiction to hear it, in anticipation of state court litigation" and filing a declaratory action for reasons of "'forum shopping' or 'procedural fencing'" to obtain a change in the applicable law. Id. at 391; AXA Re Prop. & Cas. Ins. Co. v. Day, 162 Fed. Appx. 316, 320-21 (5th Cir. 2006).

Here, QBE clearly anticipated that it would be named as a defendant to the state court action. However, nothing is before the Court that indicates that QBE filed the federal declaratory action to obtain more favorable applicable law or to gain any other unfair advantage. If this Court were to exercise jurisdiction over this action, QBE would gain no advantage other than the power to select the forum in which to litigate the

---

[5]The seventh Trejo factor is irrelevant to the current proceeding because this Court is not being called on to construe any state judicial decree.

declaratory issue. The Court finds no improper purpose to QBE's "jumping the gun" to file this federal action, and finds that no inequities would flow from permitting this action to proceed. Therefore, the "fairness" Trejo factors do not weigh in favor of dismissal.

3. Efficiency and Judicial Economy

The fifth and sixth Trejo factors, as well as the first, are relevant to the Court's consideration of whether the federal lawsuit would serve the purposes of judicial economy. Sherwin-Williams, 434 F.3d at 392. As to the fifth factor, whether the federal court is a convenient forum for the parties and witnesses, the Court notes that the accident is alleged to have occurred in Lutcher, Louisiana,[6] and that the federal suit in the Shreveport Division of the Western District of Louisiana may be inconvenient. However, Defendants do not argue in their motion that the Western District of Louisiana is in fact an inconvenient forum.

Nonetheless, considerations of judicial economy favor dismissal of the federal declaratory action. Even assuming that the issue of policy coverage could be settled more quickly in federal court, no net resources would be saved by this Court's exercise of jurisdiction over the declaratory action. As already noted, the proceedings before this Court are in their infancy, as are the state court proceedings. Presumably, both this Court and the state court will begin to consider the coverage issue, duplicating each

---

[6]Lutcher, Louisiana is on the east bank of the Mississippi river, between Baton Rouge and New Orleans. Lutcher, Louisiana is in St. James Parish, where the state court action was filed. St. James Parish is located within the jurisdiction of the Eastern District of Louisiana.

other's efforts until either the federal or state court renders a decision.  See Travelers, 996 F.2d at 779.  The parties will present the same evidence and make the same arguments to both courts.  Because significant proceedings have not been conducted before this Court, considerations of judicial economy weigh in favor of dismissal.  See Agora Syndicate Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 373 (5th Cir. 1998) (holding that in a case that had been pending in federal court for over a year, where no factual disputes between the parties remained and where the issues had been fully briefed, considerations of judicial economy weighed against dismissal).

      Further, the issue of policy coverage in this case is a single issue relevant to a single injury and state court suit.  This is not a case where there are multiple state court suits, all of which concern a single issue, and a declaratory judgment by this court would provide for more efficient resolution to all of the claims.  See Sherwin-Williams, 343 F.3d at 400.  In this case, if anything, the more efficient procedure would be for this Court to decline jurisdiction and permit the state court to proceed to prevent duplication and wasted resources.  Therefore, considerations of efficiency, and the first and sixth Trejo factors, weigh in favor of dismissal.

### III. Conclusion

      The balancing test under Trejo and Sherwin-Williams is not subject to an finite formula, but nonetheless, the Court finds that the factors in this case weigh against an exercise of jurisdiction and in favor of dismissal of the declaratory judgment action.

      Accordingly,

**IT IS ORDERED** that the Motion to Dismiss [Record Document 4] be and is hereby **GRANTED**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Lousiana, this 20 th day of April, 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE